MICHAEL RYAN v. THE STATE.

1. Where a responsive answer to an illegal question is the subject of an objection upon which an exception is allowed, the appellate court may treat the objection as being too late.
2. Where a bill of exception, signed by the court below, states the course of the trial differently from the printed copy of the stenographer's notes, the appellate court relies exclusively upon the official certificate of the judicial officer.

On error to the Bergen Quarter Sessions.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff in error, *Abram D. Campbell* and *Ernest Koester.*

For the state, *Peter W. Stagg*, prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. The bills of exceptions show that the testimony with respect to "green goods," as practiced in various places by others than the defendant, was permitted a most latitudinous range. It is, however, difficult to believe that

these irrelevant and inconsequential narrations could have harmed the defendant, against whom the legitimate proofs established a case upon which the judgment could safely rest.

The court is not, however, required to review in detail this reprehensible testimony, for the reason that the bills of exceptions show that the objections were made to " the questions and answers," *i. e.,* to answers that were responsive to illegal questions. The necessary inference from the judicial · certificate is that the defendant did not object to that which was illegal until it had been answered. This course has fallen under repeated condemnation for the reason that it enables a defendant to elect to try his case upon illegal testimony, if it be favorable to him, otherwise to use it to overthrow an adverse judgment. *Fath* v. *Thompson,* 29 *Vroom* 180.

Our conclusion in this respect is necessarily based · upon the bills of exceptions signed by the court below. Where such bills state the course of the trial differently from the printed copy of the stenographer's notes (as is the case in this paper-book), the appellate court relies exclusively upon the official certificate of the judicial officer.

The judgment is affirmed.