## STATE v. WILLIAM A. HUMMER.

Argued June 9, 1905—Decided November 21, 1905.

1. Evidence, which is competent solely for the purpose of explaining the conduct of a witness called by the state in a criminal trial, should not be excluded because its natural tendency is to create a prejudice against the defendant in the minds of the jury. The defendant may protect himself against such a result by requesting the court to instruct the jury as to the limitations of the evidence, and of the purposes for which alone it could be considered by them.

2. Admissions made, before trial, by the victim of a criminal act are not competent evidence in behalf of the party charged with the commission of the crime.

3. An incorrect statement of a legal proposition, in the charge of the court to the jury, affords no ground for reversal, in a criminal case, when it is manifest that the error could not have prejudiced the defendant in maintaining his defence upon the merits.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case brings up for review the conviction of the defendant upon an indictment charging him with the carnal abuse of one Ella Dennison, a female child under the age of sixteen years.

The first assignment of error is directed at the ruling of the trial judge in permitting the chief of police to testify, in response to a question put by the prosecutor, that upon a certain occasion there were other girls at police headquarters making charges against the plaintiff in error. In order to make plain the reason upon which our conclusion upon this assignment rests, a recital of the circumstances under which the challenged evidence was admitted becomes necessary.

The witness had been called by the state for the apparent purpose of proving the excited mental condition of the prosecuting witness when before the chief for the purpose of examination with relation to the alleged criminal act of the plaintiff in error. On his cross-examination he was asked whether he had taken down the girl's statement in writing, and answered that he had not. He was then asked whether it was not the practice of his department to take statements in writing when the charges made were of a grave character, and admitted that it was. He was then asked if he could remember any other case of this kind of crime where he had not taken a written statement of the prosecuting witness. His answer to this question was as follows: "Well, there were such few cases where there was such abundance of evidence that I don't suppose it is likely." He was then asked whether there were not other girls at police headquarters making charges against other men, and answered that there were; and being then asked whether he took all their statements down in writing, he answered no, that he did not take down more than one-third of them. The obvious purpose of this line of cross-examination was to impress the minds of the jurors with the idea that, from the fact that the witness had not taken down the Dennison girl's statement in writing, he had given little credence to her story. His answer to the last of the questions which have been recited showed that the inference sought to be drawn from his non-action lost much of its force where a number of such complaints were lodged by different girls against the same man. In this situation of the case it was manifestly proper that the jury should be able to determine whether the failure of the witness to take down the girl's statement in writing was due to his lack of belief in its truth, or whether, in not doing so, he was following his usual course, under circumstances similar to those which were present in the matter which he was then investigating. The prosecutor, therefore, at the close of the cross-examination, which followed immediately after the asking and answering of this last question, put the question which it is now argued was erroneously admitted. The basis of the argument is that it is incompetent, on the trial of an indictment, to prove that

the defendant has been guilty of other crimes similar in character to that charged against him in the indictment, or even that he has a propensity to commit such crimes, and that the challenged testimony had this effect.

That proof offered for the purpose indicated in this argument ought not to be received, and that its admission constitutes legal error, must be at once conceded. But evidence which is incompetent if offered for one purpose is very frequently admissible when offered for another. A very common instance of this condition in a criminal trial is found in the admission of proof that the defendant (when he has offered himself as a witness in the case) has been convicted of other crimes, whether like or unlike that under which he is being then tried. Such proof is admitted solely for the purpose of affecting the credibility of the defendant, and the fact that it may leave upon the jury the impression that the defendant has a criminal propensity does not justify its exclusion.

The evidence now under consideration was, in our opinion, competent for the purpose for which it was offered, and which has been already indicated, namely, to preclude the inference that the failure of the chief of police to take down in writing the statement of the prosecuting witness was due to a want of belief on his part of its truthfulness. This being so, it would have been an error, injurious to the state, to have excluded it because of its tendency to impress the jury with the idea that the defendant had a propensity to commit the crime for which he was then upon trial. The protection of the defendant against such a result was to request the court to instruct the jury as to the limitations of the evidence, and of the purposes for which alone it could be considered by them.

The next assignment of error relates to the exclusion of certain testimony sought to be given by Mr. Doherty, the attorney of the defendant, while on the witness-stand. The testimony excluded was a conversation had by the witness with the Dennison girl at an interview had some time before the trial. The object for which the excluded testimony was offered was not stated. It was not competent for the purpose of impeaching her credibility, for she had not denied, while upon the witness-stand, making any of the statements which

Mr. Doherty was asked to repeat. It was not competent to prove the statements as admissions made by her, for, as was pointed out by this court in *State* v. *Brady*, 42 *Vroom* 360, there is no such privity between the victim of a criminal act and the state as to render admissions made by the former competent evidence in behalf of the party charged with the commission of the crime. This testimony, therefore, was properly excluded.

Another assignment of error is directed at the charge of the court as to what constitutes the carnal abuse of a female child. The instruction complained of was as follows: "Carnal abuse means any abuse of the female child's genital organs, either by the defendant's private parts or by rough handling of or use of her private parts by him in any way." The contention made on behalf of the defendant is that there may be a rough handling of the private parts of a female child under such circumstances as to disprove that the person so doing was guilty of the crime of carnal abuse, and that therefore this instruction was erroneous. But, assuming that this contention is well founded, it affords no ground for reversing the conviction. By virtue of the one hundred and thirty-sixth section of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), no judgment given upon any indictment shall be reversed for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits. In the case before us the proof submitted by the state in support of the charge laid against the defendant was that he had unsuccessfully attempted to insert his penis into the private parts of this girl, causing her some pain by doing so. No evidence was introduced showing any rough handling of her parts, except this attempted entrance of her person. The abstract proposition complained of might possibly have been considered by the jury as an instruction that in order to justify a conviction there must have been a rough handling of the girl's private parts while attempting to effect an entrance into her person. It is not possible, it seems to us, that they should have based their verdict of guilty upon a conclusion that there had been no attempt on the part of the plaintiff to enter the girl's person, but that

he had roughly handled her private parts, in the absence of any evidence whatever upon which to found such a conclusion.

Other errors have been assigned and have received due consideration. We do not, however, find them to be of sufficient merit to justify discussion.

The conviction under review should be affirmed.