THE STATE, DEFENDANT IN ERROR, v. WILLIAM A. HUMMER, PLAINTIFF IN ERROR.

Argued and Decided November, 1906.

The Criminal Procedure act (*Pamph. L.* 1894, *p.* 246), as amended by laws of 1898, provides that, if it appear from the record in a criminal cause that plaintiff in error on the trial below suffered manifest wrong or injury either in the admission or rejection of testimony, whether objection was made thereto or not, the appellate court shall order a new trial. *Held,* that the phrase, "admission

NOTE.—Although the above case was argued and decided at the November term, 1906, no written opinion was filed until May 16th, 1907, which did not come to the reporter's hands in time to be printed with the opinions in cases decided at that term.—REP.

or rejection of testimony," imports judicial action, and a judgment will not be reversed for refusal of the trial court to strike out testimony elicited by a question to which no objection was made.

On petition for rehearing.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *William H. Speer.*

The opinion of the court was delivered by

GARRISON, J. This is an application for a rehearing. The petitioner was convicted by the Sessions of the crime of carnal abuse. This judgment was affirmed in the Supreme Court and afterwards in this court. The facts fully appear in opinions filed in each court. *State* v. *Hummer*, 43 *Vroom* 328; 44 *Id.* 714.

Upon one point the ground of affirmance was different in the two courts; in the Supreme Court the question put to the chief of police, viz., "There were other girls down there making charges against this man?" was vindicated as proper redirect examination, whereas in this court we dealt with the denial by the trial judge of the motion to strike out this question after it had been answered, and sustained such denial.

The ground of the present application is that the plaintiff in error is entitled to have this court decide whether the question put to the chief of police was legal or illegal, and if illegal to have the judgment of the Sessions reversed.

In support of this contention and as essential to its soundness, counsel construes the provision of the Criminal Procedure act that a new trial shall be granted "if manifest wrong or injury was suffered by the plaintiff in error in the admission of testimony" to mean that a criminal judgment must be reversed if any illegal testimony was admitted, that is to say, went to the jury. It is claimed that the testimony of the chief of police was in this sense "admitted," and hence that the judgment must be reversed if the question put to him was illegal, as counsel argues that it was.

In just what sense a question propounded to a witness can be said to be illegal, apart from any judicial ruling upon it, is not at all clear. Irrelevant a question may be in that it calls for irrelevant and hence incompetent testimony, but in order that a question or its responsive answer should become illegal it would seem to be essential that some legal right was invaded by its admission. Counsel, however, construes the statute differently, and contends in effect that a criminal judgment must be reversed whenever it appears that at the trial incompetent testimony went to the jury.

The same result must logically follow from this construction if such incompetent testimony be adduced by the defendant's counsel at the trial or be acquiesced in by him or even if it be given by the defendant himself upon the witness stand.

If any such rule is laid down by the statute it is by force of its provision for reversal upon error "if it appears from the record that the plaintiff in error on the trial below suffered manifest wrong or injury either in the admission or rejection of testimony whether objection was made thereto or not."

The meaning of this language is to be ascertained by the ordinary canons of construction.

The phrase "admission or rejection of testimony" clearly imports judicial action; no one but the trial court can reject testimony, hence as "rejection of testimony" must imply action by the court the same sort of meaning is by the familiar rule to be given to the word "admission" as an associated term of precisely the same nature used in exactly the same context. That this is the correct construction of the word "admission" is placed beyond all doubt by the history of this legislative provision. As originally enacted (*Pamph. L.* 1894, *p.* 246), this provision dealt solely with "rejection of testimony," which as has been seen necessarily imported action by the trial court. When, therefore, in 1898, the legislature coupled with the word "rejection" that already had this imperative connotation the correlated word "admission," it must be deemed to have used such added term in view of the established meaning of the word with which it was thus associated. "The admission or rejection of testimony" thus importing judicial action

a consistent construction must be given to the qualifying words "whether objection was made thereto or not." Obviously, judicial action upon testimony if not called forth by any objection must be of the court's own motion. Assuming, therefore, but not deciding, that the legislative intention was to provide a scheme of spontaneous judicial interpositions during the reception of testimony at criminal trials, it must be held that the propriety of the exercise of such authority was in the first instance committed to the sound discretion of the judicial officers in whom such authority was reposed. Judicial dereliction in this regard would therefore come within the next clause of the statute touching matters of discretion to which bills of exception had or had not been allowed. Upon this assumption an appellate court would be authorized in the case of flagrant or oppressive abuse of this discretion, whether arising from the action or inaction of the trial court, to review such discretion and grant the relief contemplated by the statute. It is not, however, in the present case necessary to decide this question or to pursue the inquiry as to such implied appeal to the discretion of the trial court for the reason that in the present case an express appeal was made to such discretion which was dealt with in the opinion of this court in the light that was most favorable to the plaintiff in error.

Our conclusion, therefore, is, that the construction of the statute advanced by counsel as ground for a rehearing does not commend itself to us, and that there is nothing in his argument that suggests that any right to which the plaintiff in error was entitled under the statute has not already been fully accorded to him. His present application must therefore be denied.

This same result might have been reached and justified by pointing out that no specification of causes for reversal raises the question that counsel has argued. The sole specification to which counsel points us and the only one that at all touches the matter is in these words:

"4. That the court below erred to the prejudice and injury of the plaintiff in error by allowing Benjamin Murphy, a witness for the state, to be asked whether there were other girls

than the prosecutrix making charges against the plaintiff in error, and to testify that there were."

The implied allegations of judicial error upon which this specification rests have no foundation in the record or in fact. The sole action of the court below in the premises was the denial of defendant's motion to strike out a certain question after it had been answered. This was not, as averred in the specification, "allowing the witness to be asked the question," for that had already been done; neither, for the same reason, was it allowing the witness to answer such question which is in effect the second averment.

It is too late now to inquire whether this specification even justified the consideration given in our opinion to the motion that was made at the trial by the defendant, but it is clear that such consideration, whether of grace or of right, was all to which the plaintiff in error was entitled. Without regard, however, to this matter of statutory practice, we have thought best to examine the present application upon its merits, and are constrained to deny it for the reasons already stated.