THE STATE, DEFENDANT IN ERROR, v. WILLIAM A. HUMMER, PLAINTIFF IN ERROR.

Argued March 7, 1906—Decided November 19, 1906.

1. Whether a trial judge will grant a motion to strike out testimony that has come in without objection is a matter of sound discretion and affords no ground for reversal upon error excepting in cases where the oppressive abuse of such discretion is manifest.

2. Where a motion to strike out testimony is based upon illegalities that were displayed by the question of the examining counsel to which no objection was interposed, the refusal of the trial court to strike out a strictly responsive answer of the witness does not manifest an oppressive abuse of the discretion reposed in such court.

3. The sound basis of the discretion thus exercised is that the opposite course would encourage counsel to refrain from objecting to questions manifestly illegal until he could elect, according as the answer made for or against him, whether he would acquiesce in such illegalities or move to strike out the testimony.

4. Criminal abuse, which is the assaulting or debauchery of the sexual organs of a female by the male genitals, does not connote penetration, and hence is not identical with criminal knowledge, that is, sexual intercouse, or with rape.

5. The notion that the jury, whether in civil or criminal cases, should be kept in ignorance of the impressions made by the testimony upon the mind of the trial judge, has no place in our judicial system; on the contrary, it is always the right and often the duty of a judge to give jurors the benefit of his greater experience by telling them how the testimony strikes his mind, both as to its force and as to the inferences he would draw from it. Such expressions in a charge, even if erroneous or based upon misconceptions of the testimony, are not assignable for error so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge.

6. *Quære.* Whether the Supreme Court, when it has before it the entire record of the proceedings had upon the trial of a criminal case brought up with a writ of error under the one hundred and thirty-sixth section of the Criminal Procedure act, has apart from such statute jurisdiction to set aside the verdict of the jury.

On error to the Supreme Court.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *William H. Speer.*

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up a judgment of the Supreme Court affirming the judgment of the Hudson Court of Quarter Sessions wherein the plaintiff in error was convicted upon an indictment for the criminal abuse of a female child. In the opinion delivered in the Supreme Court, reported in 43 *Vroom* 328, the refusal of the Quarter Sessions to strike out the testimony of the chief of police to the effect that other girls besides the prosecuting witness had made charges against the defendant is sustained upon the ground that this testimony, which was given on redirect ex-

amination, was legal in view of the cross-examination. We neither adopt this view nor find it necessary to pass upon the alleged illegality of the testimony, for the reason that if all of the elements of such illegality were displayed in the question of the examining counsel, the refusal of the court to strike out the completed testimony is not a ground for reversal. The proceedings had at the trial which have been brought before us by the plaintiff in error show that upon redirect examination the prosecutor put to his witness this question, "And there were other girls around there making charges against this man?" to which the witness answered, "Yes." Defendant's counsel then moved that this testimony be stricken out upon the ground that it was irrelevant. It is perfectly clear, therefore, that the irrelevancy of the testimony, if it was irrelevant, was fully displayed by the question put by the prosecutor, and that the responsive answer of the witness added nothing to this or to any other ground of objection. The entire record having been returned in conformity to the one hundred and thirty-sixth section of the Criminal Procedure act, the defendant is entitled to have the denial of his motion dealt with as "the denial of a matter by the court which was a matter of discretion, whether a bill of exceptions was settled, signed and sealed or not." *Pamph. L.* 1898, *p.* 915. The precise question we are thus called upon to decide was before this court in the case of *State* v. *Clark,* 18 *Vroom* 556, and was there held to afford no ground for reversal. The indictment in that case charged Clark, with selling lottery policies to one Matthews. After the state had offered proof of the sale it had thus charged, one Carter was called by the state, and testified to a sale by the defendant to him. Defendant's counsel then moved to strike out the testimony of Carter on the ground that it related to a distinct offence. In dealing with the denial of this motion, Mr. Justice Reed, after recognizing fully the illicit character of this testimony, in that it tended to show a likelihood that the defendant would commit the crime with which he was charged, said: "The testimony of Carter, so far as the record informs us, was all in before the objection to it was taken.

It does not appear that there was not an opportunity afforded to the counsel for the defendant to have made his objection earlier. The rule is established that counsel cannot take the chance of testimony-making in his favor, and if it happens to be adverse then interpose his objection. There is nothing to show that the defence here was not apprised of the point upon which the witness was about to speak before his testimony relative to the sale to himself was delivered. The testimony being so in without objection, it cannot be said that the court erred in not striking it out." This case and the reasoning upon which it was founded have been frequently approved in this court. In *Ryan* v. *State,* 31 *Vroom* 33, it was said: "This course has fallen under repeated condemnation for the reason that it enables a defendant to elect to try his case upon illegal testimony, if it be favorable to him, otherwise to use it to overthrow an adverse judgment." The judgment in this case was reversed (*Id.* 552) upon the ground that it should not have been inferred that the question was answered before objection to it was made. The opinion of this court, however, expressly stated, "if such must be the inference, the conclusion of the court was correct." In *Luckenbach* v. *Sciple,* 43 *Id.* 476, in which the same rule is restated, the opinion also points out the discretionary character of rulings of this sort and their non-erroneous nature, excepting in cases where the discretion reposed in the trial court has been oppressively abused. The reason for the rule in all these cases is that the opposite course would encourage counsel to refrain from objecting to questions manifestly illegal until he could elect, according as the answer made for or against him, whether he would acquiesce in such illegalities or move to strike out the completed testimony. In the present case the only possible criticism of the discretion that was exercised by the trial court is that the witness may have answered the question so promptly that no opportunity for objection was afforded. Of this, however, there is not the least suggestion, either in the transcript of the proceedings at the trial or in the argument of counsel. The matter was, moreover, one peculiarly within the cognizance of the trial

judge, which is the very ground upon which the doctrine of discretion rests. The denial of his motion to strike out affords, therefore, no ground for the reversal of the judgment against the plaintiff in error.

Upon the assignment of error directed to the charge of the trial court as to what constituted criminal abuse of a female child, we concur in the views expressed in the Supreme Court, to the effect that despite the errancy of what was charged upon this point the plaintiff was not injured by such charge as applied to the facts in proof before the jury. The point in which we thus concur is fully treated in the opinion delivered in the Supreme Court.

A further contention that was vigorously pressed by counsel is that criminal abuse, in our statute, is identical with rape, and hence is incomplete without penetration. This assignment might be disposed of, so far as this proceeding is concerned, by assuming that the jury found that penetration had in fact taken place, of which there was proof. Inasmuch, however, as the charge of the trial court tends to exclude such an assumption, the legal question has been considered and a decision reached that is adverse to counsel's contention. Prior to 1887, section 80 of the Crimes act read as follows: "Any person who shall have criminal knowledge of a woman forcibly against her will, * * * or who, being of the age of fourteen years, shall unlawfully and carnally *know* and abuse a woman child under the age of ten years," &c. In 1887 (*Pamph. L., p.* 230), the Crimes act was amended to read as follows: "That any person who shall have carnal knowledge of a woman forcibly against her will, * * * or who, being of the age of sixteen years or over, shall unlawfully and carnally abuse a woman under the age of sixteen years," &c. It will be observed that this statute expunges the word "know." Now, it was just this expunged word, and not the word "abuse," that described sexual intercourse, and hence connoted penetration. Not only does carnal knowledge mean sexual intercourse, but "to know," in an appropriate context, has the same meaning, as in the sentence, "Adam knew Eve and she conceived and bare Cain." "Abuse,"

or even "carnal abuse," describes an act of assault or debauchery of the female sexual organs by the genital organs of the male, which falls short of knowledge with its accompanying penetration. *Bish. Stat. Cr. (2d ed.)* 361, § 489.

The change, therefore, in the Crimes act of 1887 is not merely significant; it is controlling. The case of *Oliver* v. *State,* 16 *Vroom* 46, on which the plaintiff in error relies, was decided in 1883, prior to this change in the statute, and affords no support whatsoever to the contention that carnal abuse is rape. In 1889, Chief Justice Beasley, in *Evans* v. *State,* 23 *Id.* 261, said explicitly that carnal abuse is not rape. The decision in *State* v. *Cannon,* 43 *Id.* 46, is to the same effect, although the expression in the opinion that "carnal knowledge is carnal abuse, as used in the statute," is not, as a general proposition, an accurate statement. Of the legal propriety of the judge's charge in this respect, in the present case, we entertain no doubt.

The point is made that the trial court stated to the jury that the testimony of the doctors and of the child herself seemed to establish the fact that she had at some period of time been assaulted. Whether this criticism of the charge be directed to such comment as a legal error or to a review of the judge's discretion, in either case the complete answer is (to adopt the language of Chancellor Zabriskie): "It is the right and duty of a judge to comment upon the evidence, and in cases where he thinks it required for the promotion of justice to give his views upon the weight of it, provided he leaves it to the jury to decide upon their own view of it." The notion that it is any part of our judicial system that the jury, whether in civil or criminal cases, must be kept in ignorance of the impression made by the testimony upon the mind of the trial judge, is absolutely devoid of foundation. What our judicial system does require is not that jurors should be kept in ignorance of the impression made by the testimony upon the mind of the judge, but that they should be informed that it is their right and duty to decide for themselves all disputed questions of fact according as the weight of the testimony appeals to them. "So long as the duty of

the jury to decide disputed questions of fact for themselves is pointed out in the charge," said Justice Dixon, in *Engle* v. *State,* 21 *Vroom* 272, "the judge's comments and expressions of opinion upon the testimony are not assignable for error." "A judge has an undoubted right to make such comments upon the testimony as he thinks necessary or proper for the direction of the jury," is the earlier declaration of this court, in *Bruch* v. *Carter,* 3 *Id.* 554. "He may intimate an opinion as to the weight of evidence. But whether he will exercise all or any of these rights in a given case depends entirely upon his judicial discretion." "It is competent for the judge presiding at a criminal trial to lay before the jury for their consideration his own views and inferences from the proofs, and such expressions, no matter how ill-advised or erroneous, can be reviewed on a motion for a new trial, but not on a writ of error," is Chief Justice Beasley's statement, in *Smith & Bennett* v. *State,* 12 *Id.* 370. In view of these expositions of the law, it must be obvious that legal error cannot be based upon the comments in question, and that even under the broader scope of the proceedings before us they cannot be deemed to be an abuse of judicial discretion for which a reversal can be had.

The claim that the defendant was denied the benefit of a reasonable doubt is not sustained by a reading of the charge. If the defendant desired an explicit instruction to the jury upon this subject, a request to that effect should have been preferred.

The concluding point made by counsel for the plaintiff in error is that the judgment of the Supreme Court should be reversed because that court permitted the verdict to stand. The contention is not that this court should look at the evidence to see whether under the statute manifest wrong and injury had been suffered by the plaintiff in error, or even that the Supreme Court should have done so under the statute, but that the latter court, by virtue of its common law jurisdiction, was clothed with that power and duty. The argument is that the Supreme Court of New Jersey, by its institution, inherited the powers of its English prototype,

the Court of King's Bench, and that one of the powers it thus inherited was that of setting aside verdicts in criminal cases, if manifestly against the evidence, whenever such evidence was before the court in any legal way. The evidence in the present case was before the Supreme Court in a legal way, and hence, the argument proceeds, that court had the power to set aside the verdict if unsupported by the evidence, and such should, in the opinion of counsel, have been its conclusion. Without regard to the legal soundness of this proposition, there are several obstacles to its application to the case before us. In the first place, it implies that the verdict can be set aside upon a writ of error, which our Supreme Court has decided it cannot do. *State* v. *Donahue*, 59 *Atl. Rep.* 112.

This objection, it is true, might be met by regarding the certification of the record under the statute as being in effect the return to an ancillary writ of *certiorari*, and upon *certiorari* the Supreme Court has unquestioned jurisdiction to deal with the entire case, as the trial court might have done. But the reply to this is that the refusal to grant a new trial upon the weight of testimony is one of those discretionary matters upon which error may not be assigned. In the next place, it does not appear on this writ of error that the point now relied upon was taken in the court below. If, however, we assume that the point was taken in the court below, and also that it was the duty of that court to consider it, then upon proceedings in error, nothing appearing to the contrary, the presumption is that the court below did consider it, and that it reached a conclusion that was consistent with the judgment it pronounced, and upon questions of fact the findings of the Supreme Court are binding upon this court. And, finally, we have examined the evidence and find that it presented a case to be submitted to a jury, and not one to be disposed of by a court, whether of original or appellate jurisdiction.

These considerations lead to a conclusion adverse to the contention of the plaintiff in error, without regard to the jurisdictional question counsel sought to raise.

The judgment of the Supreme Court affirming the judgment of the Hudson Court of Quarter Sessions is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL.    10.

*For reversal*—None.