ANNIE CONNOLLY, ADMINISTRATRIX, ETC., APPELLANT,
v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted December 8, 1919—Decided March 1, 1920.

1. Under section 27 of the Practice act of 1912 an error in the instruction of the court to the jury will not lead to a reversal unless, after examination of the whole case, it shall appear that such error injuriously affected the substantial rights of the appellant.
2. The plaintiff's intestate, while crossing a public highway on foot, came into collision with a moving trolley car and sustained injuries causing his death. The court charged: "It was his duty to observe up and down the street and to determine if he could by the reasonable exercise of his powers of observation, after looking and listening, whether or not there was approaching a trolley car so close that he could or could not go upon the tracks in safety and whether or not he exercised reasonable care." *Held,* not erroneous.
3. The rule enunciated in the opinion for affirmance in *Earle* v. *Consolidated Traction Co.,* 64 *N. J. L.* 573, viz.: "The first to reach the crossing has the right to pass over first, but if it appears that the motorman does not intend to respect his right of priority, and that the driver (or pedestrian) cannot, in the exercise of reasonable prudence exercise his right, he is guilty of contributory negligence if he fails to wait or turn aside if he can do so by the use of due care, and thus protect himself from injury," followed and approved.

On appeal from the Essex County Circuit Court.

For the appellant, *Benjamin M. Weinberg.*

For the respondent, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

PARKER, J.  The plaintiff's decedent, while crossing Bloomfield avenue, Newark, on foot, came into collision with a car of the defendant company running on that avenue, and sustained injuries from which he died.  The plaintiff, as his administratrix, brought suit alleging negligence on the part of the defendant company.  The case went to the jury which returned a verdict for the defendant, and from the judgment rendered on that verdict this present appeal is taken.  The printed case does not exhibit any of the testimony or other evidence taken on the trial, and the errors alleged are predicated solely upon the judge's charge.

In the absence of any of the testimony submitted we, of course, are unable to determine what conclusions of fact the jury were entitled to draw, and we have no knowledge of the circumstances of the accident except so far as portions of the charge may throw some light thereon.

The first point made is, that the trial judge erred in instructing the jury that there is no speed limit for trolley cars in New Jersey, and that a trolley car may be operated at any speed consistent with the safety of the passengers and with the safety of pedestrians and others on the street.  Appellant's counsel is correct in saying that the trial judge plainly overlooked the provisions of the so-called Traffic act of 1915 (*Pamph. L., p.* 290), where the limit of speed is prescribed in localities where the houses are on the average more than one hundred feet apart, and on page 296, paragraph 27, where it is laid down, that no street car shall be operated at a greater speed than fifteen miles per hour in places where the houses are on the average of less than one hundred feet apart, provided the tracks on which such street car is operated are laid

upon any public street. The judge gave instructions with respect to the general duty of care to be exercised by the motorman of a street car which, as a matter of common law, are unexceptionable, and the question is whether this judgment should be reversed because of his statement to the jury that there was no speed limit for trolley cars, &c. In determining this question, it should be borne in mind that the judge was speaking to a particular case; that section 27 of the Practice act of 1912 provides that "no judgment shall be reversed * * * on the ground of misdirection * * * unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party." *Pamph. L.* 1912, *p.* 382. We are unable to say that this error injuriously affected the rights of the plaintiff. There is nothing in the case before us to show that the trolley car was moving at any speed in excess of the statutory rate, and if there were no such evidence it was quite immaterial whether the judge erroneously instructed the jury with respect to the statute or not. No case, therefore, is made for a reversal on this ground.

The next point presented is stated in the brief of counsel as follows: That the court, after defining the duty of the motorman, by way of illustration, referred to certain testimony in the cause as follows: "To illustrate, if, as Farley, the motorman, says, Mr. Connolly was three feet from the curb and walking toward the track when the car was ten feet from him, and continued to walk directly in front of or into the side of the car and thus received his injuries, these injuries were not the result of negligence on the part of the motorman, for the motorman was in the exercise of due care as before stated." The objection made to this is twofold— first, that it did not permit the jury to consider whether the motorman saw, or should have seen, Connolly when leaving, or about to leave, the curb, or whether the car at that time was traveling fast or slowly, or whether the motorman then so controlled his car as to lead Connolly to believe that he would slow it down or even stop it; secondly, that the court took judicial notice of the fact that the motorman, while ten feet away from Connolly, who was then three feet from the curb,

was justified in going ahead without using any care whatsoever for the safety of the deceased. The whole point, however, is based fundamentally upon a mistake in printing the language of the charge. It was alleged at the opening of the term by respondent that the last portion of this instruction reading "for the motorman was in the exercise of due care as before stated" should read "if the motorman was in the exercise of due care as before stated." The trial judge was required to certify on this point and has certified that the word used by him was "if" and not "for." Reading the instruction in the light of this correction, the first part of it is readily seen to depend upon the contingency of the motorman being in the exercise of due care, as before stated, and so read we are unable to see any infirmity in the instruction.

The next point is, that the court erred in charging that it was the duty of the deceased to observe up and down the street and to determine if he could by the reasonable exercise of his powers of observation after looking and listening whether or not there was approaching a trolley car so close that he could or could not go upon the tracks in safety and whether or not he exercised reasonable care. This seems to be substantially the rule laid down by this court in *Devine* v. *Public Service Railway Co.*, 85 *N. J. L.* 243; *Brown* v. *Elizabeth, Plainfield and Central Jersey Railroad Co.*, 68 *Id.* 618; *Ruggieri* v. *Public Service Railway Co.*, 86 *Id.* 698; *Hackney* v. *West Jersey and Seashore Railway Co.*, 78 *Id.* 454, and other cases.

The last point is, that the court erred in charging as follows: "But if he saw by the reasonable use of his powers of observation that the motorman was not going to do his duty, because it was the duty of the motorman to do these things, to step out in front of a moving trolley car was contributory negligence. In other words, it was the duty of Mr. Connolly in crossing the street to exercise his powers of observation and take such steps for his own safety as an ordinarily careful and prudent person would in crossing the street."

The rule as laid down by the trial court is substantially that enunciated by six judges of this court in the case of *Earle* v. *Consolidated Traction Co.*, 64 *N. J. L.* 573. In that case the

plaintiff was nonsuited, and the judgment was affirmed by a divided court. The judges voting for reversal do not seem to have questioned the correctness of the rule, but maintained that there was a jury question as to whether the facts existed which made it applicable. The case has been many times cited in later decisions. In *North Jersey Street Railway* v. *Schwartz*, 66 *Id.* 437, it was distinguished on the facts; in *Schwanewede* v. *North Hudson County Railway Co.*, 67 *Id.* 449, the rule was applied and led to a reversal. In *Weinberger* v. *North Jersey Street Railway Co.*, 73 *Id.* 694, in this court, Chancellor Magie called attention to the fact that the decision in the Earle case was by a divided court, but, at the same time, remarked that the difference of opinion was obviously not in respect to legal rules or principles, but only in respect to their applicability to the facts disclosed by the evidence in that case. In *Shuler* v. *North Jersey Street Railway Co.*, 75 *Id.* 824, this court recognized and relied on the rule. In *Peterpolo* v. *Public Service Railway Co.*, 81 *Id.* 390, Chancellor Pitney remarked that the Earle case was not to be taken as an authority, but in the next breath remarked: "We are not concerned with the question whether this is a correct statement of the driver's duty under the circumstances noted. For in the present case there was, as already shown, a question for the jury whether the plaintiff on reaching the crossing was charged with notice that the motorman had failed to observe him or was operating the car in defiance of his rights." Finally, in *Erwin* v. *Traud*, 90 *Id.* 289, we commented on the Earle case and called attention to the fact that the doctrine was applied in *Rabinowitz* v. *Hawthorne*, 89 *Id.* 308.

While it is true that the original decision in the Earle case was by a divided court, the rule then laid down by six judges of this court, and which the trial judge in the present case followed, has been recognized and considered in the foregoing line of cases and several others in the Supreme Court not cited above, and we deem it to be sound in principle, so long as the facts of the case are such as to make it applicable. In the case at bar the judge was charging the jury and confined the rule to such a state of facts. Under these circumstances, the in-

162     COURT OF ERRORS AND APPEALS.

Hann v. Salem & Pennsgrove Trac. Co.     *94 N. J. L.*

struction was correct. Counsel now argues that no one can tell what the deceased thought or saw; but here again we are unable to determine whether counsel is correct in this because there is no evidence before us. It may well be that there was ample evidence of his actions at the time from which the jury could legitimately infer both what he saw and what he thought.

No error appearing which injuriously affected the rights of the plaintiff, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 13.

*For reversal*—None.