JOSEPH D. LUGOSCH, RESPONDENT, v. PUBLIC SERVICE
RAILWAY COMPANY, APPELLANT.

Submitted June 6, 1924—Decided September 24, 1924.

1. A written document, containing matter only incidentally or collaterally involved in the controversy, is admissible in evidence to contradict a witness or to affect his credibility, if the statements contained therein are inconsistent with the testimony of the witness at the trial.

2. Where a written document is introduced at a trial upon a question which is only incidentally or collaterally involved in the controversy, and does not present the basis of the suit, the rule requiring the production of the best evidence, which would have been proof by the subscribing witness, does not apply.

———

On appeal from the District Court, First Judicial District of Hudson county.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the respondent, *Kappes & Hilles.*

For the appellant, *Leonard J. Tynan.*

The opinion of the court was delivered by

MINTURN, J.　This suit related to a collision between a trolley car of the defendant-appellant, hereinafter called the defendant, and an automobile of the plaintiff-respondent, hereinafter called the plaintiff.　The suit was for damages to the automobile, and was tried before the District Court judge, sitting without a jury, resulting in a finding for the plaintiff against the defendant for $172, for which sum, besides costs, judgment was entered.

The rulings of the court, to which the defendant-appellant objects, concern signed statements made after the accident, one by the witness Augustus H. Broeker; one by the witness George J. Bieling, and one by Joseph D. Lugosch, the plain-

tiff. These statements were offered in evidence for the defendant, and, after objection by the attorney of the plaintiff, the court sustained the objection and refused to admit the statements in evidence, to which action the defendant excepted. This judicial action presents the basis for the appeal.

The contention of the plaintiff is that the statements contained in the documents should have been proved by the subscribing witness in each instance, in order to justify their admission. This contention is based upon a misconception of a fundamental rule of evidence, as frequently declared by our courts. The rule requiring the production of subscribing witnesses is based upon the fundamental rule requiring the production of the best evidence, but the Court of Errors and Appeals has declared that that rule does not apply, where as in this instance the document in question is only incidentally or collaterally involved in the controversy, and does not present the basis of the suit. *Rathbun* v. *Brancatella,* 93 *N. J. L.* 222; 1 *Greenl. Evid.* 124; 10 *R. C. L.* 904, and cases.

The theory upon which such documents are admissible, is that they may serve to contradict the witness, or, at least, affect his credibility, if the statements therein contained be inconsistent with his testimony upon the trial of the cause. *Shreve* v. *Crosby,* 72 *N. J. L.* 491; *Crane* v. *Sayre,* 6 *Id.* 110; 5 *Jones Evid.* 847; 22 *C. J.* 302, and cases cited.

For this reason the judgment under review is reversed.