STEPHEN WASIL, Jr., AN INFANT, BY STEPHEN WASIL, HIS NEXT FRIEND; STEPHEN WASIL AND ANNA WASIL, PLAINTIFFS-APPELLEES, v. MICHAEL GULA, DEFENDANT-APPELLANT.

Submitted May term, 1933—Decided December 19, 1933.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the plaintiffs-appellees, *Francis A. Gordon (John M. MacKenzie,* of counsel).

For the defendant-appellant, *Coult, Satz & Tomlinson (Joseph Coult* and *Gerald T. Foley,* of counsel).

Per Curiam.

This is an appeal from a judgment of the Union County Court of Common Pleas in favor of the plaintiff and against the defendant.

A judgment was recovered for personal injuries sustained by Stephen Wasil, Jr., an infant, for medical expenses incurred by his father and for damages sustained by his parents for loss of his earnings.

The defendant appeals and presents to us for consideration the first and sixth of his grounds of appeal expressly abandoning the others.

The first ground for reversal charges the trial court with error in the charge to the jury as follows:

"The claim of the plaintiff is substantially that he was parked over to one side of the street and attempted to turn over to the other in order to get out of the way of this car which he says was coming up the street, and he almost got across this street and was two and a half or three feet away from the curb when he was struck."

The infant, at the time of this accident, was riding a bicycle on Pennington street, in Elizabeth, New Jersey, which runs from east to west. He was employed as an errand boy and had stopped to make a delivery on the northerly side of the street and after that was done he got on his bicycle and crossed to the south side of the street which, for him, was the proper side since his intended journey was in an easterly direction.

The defendant's car, according to the testimony of some witnesses, was going in the opposite direction but was also

traveling on the southerly side of the roadway. The infant, thinking that the defendant, although traveling westerly, was going to park on the southerly side of the road, attempted on his part to cross again to the northerly side of the roadway to avoid the defendant's car and was struck by the defendant's automobile at a point about three feet from the northerly curb. The question of the defendant's negligence is not challenged in this appeal.

A reading of the charge of the court to the jury makes manifest the fact that the court's recitation of the facts was not strictly accurate but it also appears, in the record before us, that after the court had finished its charge, and while the jurymen were still in the box, counsel for the defendant below excepted to that portion of the charge above quoted.

The court then said to the jury:

"Well, gentlemen, in order to charge you fully on subjects of fact I will repeat again, that the mere fact that the court makes a statement that the witness has testified to any fact does not prove the fact and you must not take it as a fact, because I say so. The court does not take anything down in shorthand but merely makes notes for its own information and you are the sole judges of facts and you must rely on your memory as to what the witnesses said and you must not take it as a fact because I happened to say that substantially a witness testified this way or that way. This must be found by you."

It seems to us that this supplemental charge of the court sufficiently informed the jury that they alone were the judges of the facts and inferences. Appellant's counsel was apparently content with this supplemental statement by the court because no further objection was made by him or exception taken to the charge.

The second ground for reversal is a further challenge to the court's charge and is set out in the brief as follows:

"The court erred in charging if the written statement of Jones contains a statement of what Jones testified to and Jones denies such a statement then the written statement could be offered to dispute Jones' denial. In other words, a contradictory statement of a witness is always evidence."

It appears from the record that one of the plaintiff's witnesses, Jones by name, had signed a written statement concerning the accident which apparently defendant's counsel had in his possession. Counsel for defendant, at the trial, cross-examined the witness by reading certain excerpts from the statement and asked the witness if those statements were true. The witness answered that they were. Evidently there was no discrepancy between the oral testimony and the written statement which had been given previously, and of course the statement was not nor could it be put in evidence. We gather from the argument in the briefs, though there is nothing in the record to show exactly what transpired, that plaintiff's counsel, in his summation, attempted perhaps to capitalize this fact. This was improper and if defendant's counsel considered that it was serious he should have asked for a mistrial. This he did not do but requested the court to charge the jury "that there was on obligation on the part of defendant to offer the statement of the witness in evidence and the fact that such statement was not offered is not proper subject of comment by counsel in summation," and the court so charged.

This is a correct statement of the law and is not subject to complaint, but thereupon counsel for the plaintiff below requested the court to charge and the court did charge that if the written statement of Jones "contains a statement of what Jones testified to and Jones denies such a statement then the written statement could be offered to dispute Jones' denial. In other words, a contradictory written statement of a witness is always evidence." Substantially this is a correct statement of law. Perhaps it is awkward in form but its doctrine is sound. A party to a suit may confront a witness with a written statement executed by the witness if his oral testimony contradicts that written statement and such statement may be received in evidence unless the witness admits the discrepancy or contradiction between his oral testimony and his previously made written statement in which event it would serve no purpose to put the written statement into evidence. *Lugosch* v. *Public Service Railway Corp.,* 100 *N. J. L.*

48; 126 *Atl. Rep.* 170; *Shreve* v. *Crosby,* 72 *N. J. L.* 491; 63 *Atl. Rep.* 333.

The cases relied upon by counsel for the appellant (*State* v. *Hummer,* 72 *N. J. L.* 328; 62 *Atl. Rep.* 388; *Huebner* v. *Erie Railroad,* 68 *N. J. L.* 468; 53 *Atl. Rep.* 543), in our judgment, have no applicability and do not support his position. Appellant maintains, under this point, that the court in charging the jury, as above quoted, gave the jury the power to decide "that it might find without the aid of evidence that the statement was contradictory to the testimony of Jones and if it came to that conclusion it might well say that counsel for the defendant had deliberately withheld important evidence from its consideration as counsel for the plaintiff charges in his summation."

We have no way of knowing what plaintiff's counsel charged in his summation since it is not in the record, but if the argument of counsel is at all to be considered the vice that he complains of in the charge, namely, that it permitted the jury to speculate, that the statement was contradictory to the testimony, would be helpful to the defendant and harmful to the plaintiff since Jones frankly admitted that the statement was his, and this certainly cannot now be complained of by the appellant as harmful error. This part of the court's charge, which seems to us to have been superfluous and unnecessary, was not, in our judgment, harmful to the defendant's interests. The written statement in question apparently was not contradictory; it was not put in evidence and in view of the court's whole charge on this matter we do not see how it can reasonably be said that the jury was misled to the prejudice of the defendant.

This disposes of the appellant's both points and the judgment under review should be affirmed, with costs.