HAROLD BLOCH, PLAINTIFF-APPELLEE, v. JACOB EGERT AND J. P. L. CORPORATION, DEFENDANTS-APPELLANTS.

Submitted January 26, 1934—Decided May 14, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Charles H. Roemer.*

For the appellee, *Saul M. Mann.*

PER CURIAM.

This was an action of replevin, the dispute being between two chattel mortgagees, as to priority of the respective mortgages. The trial was without jury. The judge found, and

the evidence justified him in finding, that plaintiff's mortgage, though dated on September 30th, was in fact executed and delivered on the afternoon of September 29th, to the knowledge of the defendant, and recorded at ten-fifty-two on the morning of the 30th; and that defendant's mortgage was executed on the morning of the 30th and recorded on that day at ten-eight A. M., shortly before plaintiff's mortgage. It is not suggested that plaintiff lost his rights by lack of promptness in recording his mortgage; and as defendant had actual notice of plaintiff's earlier mortgage, plaintiff had the prior right of enforcement as against the property. *Hoagland* v. *Shampanore*, 37 *N. J. Eq.* 588. The defendant corporation first sold under its mortgage and bought in the property; then plaintiff did the same, demanded possession, and brought this suit, for the property or damages. The District Court held plaintiff entitled to recover and awarded judgment for $200 damages, interest and counsel fee.

The first point argued, based on the first specification of alleged error, is that "the trial court erred in awarding judgment in favor of the plaintiff-appellee because there was no proof adduced by the plaintiff of the value of the goods contained in the writ of replevin." Assuming that there was no proof of value, the lack of that proof would not disentitle plaintiff to any judgment whatever, for at least he would be entitled to nominal damages. *Hasselbusch* v. *Mohmking*, 76 *N. J. L.* 691, 694; 73 *Atl. Rep.* 961.

The second point (and second specification) is that "at the close of the case appellants moved for a direction of a verdict on the ground that the plaintiff-appellee had failed to prove damages. The court denied the motion and appellants asked for an exception and the same was granted." This is not supported in point of fact. The state of the case fails to show any such motion, and the court, when ruled to certify on that point, replied in the negative.

The third specification, argued as the third point, is that, "at the close of the case defendants-appellants moved for a direction of a verdict on the ground that the court had no jurisdiction to determine the priorities of the mortgages.

The court denied the motion and appellants asked for an exception and the same was granted." This also is negatived in point of fact by the certificate of the trial judge, which is conclusive. *Ryan* v. *State,* 60 *N. J. L.* 33; 36 *Atl. Rep.* 706 (reversed on another ground—at *p.* 552); 38 *Id.* 672; *Connolly* v. *Public Service Railway Co.,* 94 *N. J. L.* 157, 160; 109 *Atl. Rep.* 507; *Klemmt* v. *Yeskel,* 102 *N. J. L.* 418, 421; 131 *Atl. Rep.* 871; *State* v. *Merra,* 103 *N. J. L.* 361, 362; 137 *Atl. Rep.* 575.

The fourth point (specifications 6 and 7) is that the judgment against defendant Egert was erroneous, because what testimony there was as to him indicated merely that he acted as agent (president) of the corporate defendant, and in nowise in his individual capacity. Apart from the fact that there is nothing to show that the trial court was asked to exclude Egert from the judgment, the rule is settled that in a tort case (and replevin is such) both principal and agent may be held liable.

The fifth point (specification 10) is that "the judgment is contrary to law." Such a specification has no legal value, as it fails to specify. *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402. However, we have examined the argument made in the brief under this point, some of which seems irrelevant, some erroneous in point of fact, and the rest ill-founded in point of law.

The judgment will be affirmed.