HARRIET REINHEIMER, ADMINISTRATRIX AD PROSE-QUENDUM, ETC., PLAINTIFF-RESPONDENT, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, DEFENDANT-APPELLANT.

Argued October 1, 1935—Decided April 6, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Bourgeois & Coulomb* and *William B. Hunter*.

For the respondent, *Herman J. Finn* and *Burton A. Gaskill*.

The opinion of the court was delivered by

DONGES, J. Plaintiff had a verdict for $25,000 for the death of her husband. The trial court reduced the verdict to $18,000, which reduction was accepted by plaintiff. Exceptions were reserved and defendant appealed, alleging error in the refusal of the trial court to nonsuit and to direct a verdict for defendant and in his charge to the jury.

From the testimony on behalf of the plaintiff it was open to the jury to find that the decedent was crossing Atlantic avenue, at New York avenue, in Atlantic City, from the northerly side of Atlantic avenue toward the southerly side thereof, on the westerly side of New York avenue. There is

a double line of street railroad tracks, over which defendant operates street cars, in westerly and easterly directions. On the northerly side of the west-bound trolley tracks there is a safety island, west of New York avenue, and decedent was proceeding across Atlantic avenue in that portion of the street which would be the cross-walk, and easterly of the safety platform. There was evidence that, when he was midway between the curb and the first rail—the distance between these points being approximately twenty-six feet—he looked to the left in the direction from which the car that struck and killed him was approaching; that when he looked to the left the car was about in front of the Real Estate and Law Building, which is about one hundred feet from New York avenue, and at that moment the traffic light at New York avenue turned from green to yellow; that the car apparently started to slow down, but did not stop, but put on speed and crossed the intersection at about twenty miles per hour, striking the decedent when he was about a foot over the nearest track; that the trolley car sounded no gong or other warning as it crossed New York avenue, nor did it slacken its speed after it started across the intersection until after decedent was struck. The testimony on behalf of appellant was in sharp conflict on many essential facts, but we are not concerned now with the weight of the evidence.

Defendant's motions to nonsuit and for a direction in favor of defendant were upon the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law.

In the situation presented by the proofs most favorable to plaintiff, we conclude that it was a question of fact for the determination. of the jury as to whether decedent acted, in the circumstances; as a reasonably prudent man would act. On the testimony it might be concluded that the deceased observed the car approaching, observed the change in the traffic light, saw the car slowing as if to stop, and thereafter devoted his attention to other possible obstructions or traffic in the highway. *Rizzolo* v. *Public Service Co-ordinated Transport,* 111 *N. J. L.* 107; 166 *Atl. Rep.* 456.

The other errors alleged by appellant have to do with the charge of the court. Several of the points raised by appel-

lant might justify reversal, but we shall deal with only one of them.

Exception was duly taken to the court's charging plaintiff's request No. 7, in the following language:

"The decedent had a right to assume that the trolley car in this case would be operated at a reasonable rate of speed and in a reasonably careful manner until the contrary appeared to him."

The vice of this instruction is in the last phrase—"until the contrary appeared to" the decedent. The decedent was under the duty of reasonably using his powers of observation to ascertain whether or not the motorman would do his duty. In *Connolly* v. *Public Service Railway Co.*, 94 *N. J. L.* 157; 109 *Atl. Rep.* 507, the rule charged by the trial court was approved, in this form:

"But if he saw by the reasonable use of his powers of observation that the motorman was not going to do his duty, because it was the duty of the motorman to do these things, to step out in front of a moving trolley car was contributory negligence. In other words, it was the duty of Mr. Connolly in crossing the street to exercise his powers of observation and take such steps for his own safety as an ordinarily careful and prudent person would in crossing the street."

In the instant case, the charge of the court above quoted, relieved the decedent of any duty to exercise reasonable care for his safety, and the jury was instructed, in effect, that he would not be guilty of contributory negligence in failing to exercise reasonable care in the circumstances unless, without care on his part, it was apparent that the motorman was not going to exercise reasonable care in the operation of the car. In a case like the present one, where the questions of negligence of the defendant and the contributory negligence of the decedent were sharply controverted, it was clearly harmful error to instruct the jury that the decedent might assume performance of duty by the defendant and that the decedent was not obliged to exercise reasonable care for his safety.

The judgment is reversed, and a new trial awarded.

Chief Justice Brogan dissents.