23 N.J. Super. 558 (1952)
93 A.2d 206
HELEN W. DAVIS, VERA DOUGHTEN, AND FORD DOUGHTEN, PLAINTIFFS-RESPONDENTS,
v.
HOWARD GIBBS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1952.
Decided December 17, 1952.
*560 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Howard G. Kulp, Jr., argued the cause for plaintiffs-respondents (Mr. Horace G. Brown, attorney).
Mr. Jerome S. Lieb argued the cause for defendant-appellant (Mr. Meyer L. Sakin, attorney).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
This is a street intersection, automobile accident, negligence case. The three respondents here sought and recovered damages against appellant.
It appears that respondent Helen W. Davis was driving her automobile in an easterly direction on Route 40 in Marlton, Burlington County, New Jersey. At the intersection of Maple Avenue, a stop street, she came into collision with a car driven by the appellant.
In the collision Mrs. Davis was injured and her car damaged. Vera Doughten, an infant, 12 years of age, who was a passenger, was also injured. Action was brought by Mrs. Davis to recover on account of her injuries, expenses and losses, and to recover for her automobile damage. The infant, by her father as guardian ad litem, sought damages for her injuries, and her father, Ford Doughten, individually joined as plaintiff, seeking recovery only for medical expenses incurred or to be incurred in order to cure his daughter's injuries.
Trial of the case resulted in the following judgments: Vera Doughten, by her guardian, $10,000, Ford Doughten, $1,250, and Helen Davis, $5,000.
*561 On this appeal it is argued that prejudicial error was committed in the charge of the court and that the verdicts are excessive.
References are made to certain passages in the charge of the court, which, it is asserted, plainly indicated to the jury the feeling of the court that the defendant was guilty of negligence and the plaintiffs free from contributory negligence. And it is urged that these statements must have aroused the passion or prejudice of the jury against the defendant.
It is true that the court did make some comment on the testimony, largely in interrogative and argumentative form, which seemed favorable to the plaintiffs. To illustrate: there was substantial and disinterested testimony to the effect that Gibbs had brought his car to a stop at the intersection of Maple Avenue and Route 40, in obedience to the stop sign, and then at a time when reasonable prudence would have dictated remaining at a standstill, he started up and came into collision with the Davis car. In charging on this subject the court said: "* * * and didn't she have a right to assume that the defendant would stay where he was, stay in a stopped position until she got by? That is for you to determine."
There was another statement of like character as well as some indication of strong doubt as to whether there was any evidence of contributory negligence on the part of the passenger, Vera Doughten, or the driver, Helen Davis. However, these questions, even the issue of contributory negligence of the infant passenger, of which we see no evidence in the record, were submitted to the jury for consideration.
In passing upon the propriety of a charge regard must be had to the whole of its contents. If upon such examination there appears no prejudicial error, reversal of the judgment is not justified. Vadurro v. Yellow Cab Co., 6 N.J. 102 (1950).
The trial court's instructions with respect to the definitions of negligence and contributory negligence are not *562 challenged. And with respect to the evidence in the case, he said:
"Now, ladies and gentlemen, you are the sole judges of the facts. Anything that the Court, anything that counsel has said to you during the entire trial is not controlling upon you. You are the judges of the facts, it is your recollection of all the testimony. You will take all the exhibits, you will take the testimony of the witnesses as you observed them on the witness stand, and you will decide this case."
It must not be forgotten that in both civil and criminal cases New Jersey has long recognized the right of comment on the facts by the trial judge, even to the extent of giving his personal impressions of its significance, so long as the ultimate determination of the factual issues is left to the jury. As the Court of Errors and Appeals said in State v. Hummer, 73 N.J.L. 714, 719 (1906):
"`It is the right and duty of a judge to comment upon the evidence, and in cases where he thinks it required for the promotion of justice to give his views upon the weight of it, provided he leaves it to the jury to decide upon their own view of it.' The notion that it is any part of our judicial system that the jury, whether in civil or criminal cases, must be kept in ignorance of the impression made by the testimony upon the mind of the trial judge, is absolutely devoid of foundation. What our judicial system does require is not that jurors should be kept in ignorance of the impression made by the testimony upon the mind of the judge, but that they should be informed that it is their right and duty to decide for themselves all disputed questions of fact according as the weight of the testimony appeals to them."
Under the particular circumstances of this case which were very strongly suggestive of defendant's responsibility for the mishap, we find no violation of this principle.
We have examined the instruction on proximate cause given in answer to a question put by the jury and find no legal error therein. The reference to the "squibb" case was pertinent on the problem of whether or not the striking of the Davis car by that of Gibbs was the moving factor which caused it to continue on for the distance described and come into contact with the tree.
*563 Further, the asserted errors relating to the applicable speed regulations, as defined by the court, and to his failure to charge a certain section of the Traffic Act, present no ground for disturbing the verdicts. There was no objection to the portion of the charge dealing with the former, and no written request to charge with respect to the latter, as required by Rule 3:51-1. And even assuming that under the circumstances a proper oral request to charge was made, the language of the request does not appear in the record. Where failure to charge an oral request is made the basis of an appeal, in our judgment, departure from established rules of practice should not be allowed unless the record is specific and unambiguous with respect to the request and unless the court fails to charge some basic principle of which the jury must be advised in order to understand the issues and to determine the case.
As already indicated, each of the verdicts is assailed as excessive.
The infant, Vera Doughten, was 12 years of age at the time of the accident. She was dazed and seemingly unconscious after the impact; she was bleeding from cuts on her face, one hand, her chin, the side of her neck, and near one eye. First aid treatment consisted in removal of a piece of glass from the face wound, putting seven stitches in her chin and a temporary splint on her right leg which appeared to be broken. Then she was taken to the hospital where X-rays revealed two fractures of the leg, one of the internal malleolus of the right ankle, and the second involving the lower end of the fibula (one of the two long bones of the lower leg). A cast was placed on the leg and the child was sent home.
Thereafter she received treatment from her family doctor, except for two further X-rays of her leg, the last of which was taken on July 5, 1950. At home she got around part of the time in a wheelchair, and then on crutches. And after the cast was removed she received a number of baking treatments at the hospital.
*564 At the time of trial she still had pain "like a toothache" in her ankle which gets worse in bad weather; her foot and ankle swelled up by the end of each day and she would limp; she turned on the ankle easily and had to be careful in walking except on a smooth surface. Before the accident she had played basketball and soccer but had been unable to do so since.
The last X-rays showed some slight medial bowing of the fibula toward the tibial shaft. Medical examination 20 months after the accident showed the circumference of the right ankle to be larger than the left; that the right foot had much more movability than the left and that the joint is weak and not stable. The swelling is due to unsatisfactory position of the fractured bones. The condition of the joint is such that it is more susceptible to further injury; the pain of which the child complains is permanent.
Moreover, Vera suffered from many headaches over her eyes for about a year after she was hurt.
She has permanent scars on her throat and dark pigmented spots on her face, which her mother said looked as though the wounds had healed with dirt under them. These conditions were shown to the jury. The scars made her self-conscious; her mother testified that they embarrassed her and as a result she "keeps putting her hand to that side" of her face. And the record shows that the child was visibly upset and cried while on the witness stand.
Appellant offered no medical testimony to refute the assertions with respect to the injuries and the effects thereof.
In our judgment the verdict of $10,000 cannot be declared so excessive as to manifest mistake, passion or prejudice.
The verdict for the infant's father, Ford Doughten, was $1,250. His total medical, hospital, and incidental expenses were $209.40 and there was no evidence in the realm of reasonable probability that he would ever have further expenditures. No evidence was offered of any loss or limitation of services that she rendered to her father or mother or to any one else before the mishap.
*565 The complaint charges that as the result of the injuries of the daughter, the father "has been further damaged in that he has been or in the future will be deprived of the aid, comfort, companionship and services of his said wife." The wife's name is in fact Vera, although presumably a claim for loss of services of the daughter was intended. However, no amendment was made to the complaint or in the pretrial order and, as we have said, there is no evidence whatever of any past or reasonably anticipated future loss of the child's services.
Under the circumstances we find no basis in the proof for any verdict in excess of the actual expenses of $209.40. Accordingly, the verdict of $1,250 is reduced to $209.40.
The verdict for Helen Davis was $5,000. This respondent had suffered a badly fractured right ankle in 1935 from which she had substantially recovered. In addition, at intervals over the four or five years before this accident she had suffered from and been treated for a bilateral swelling of both legs, which had been diagnosed as deep phlebitis.
In this accident she suffered injuries to her right foot across the instep, contusions of the chest, both knees and her left arm. X-rays were negative for any fractures. The contusions had cleared up at the time of trial; her chest pained her several times during the year after the accident; the knees had cleared up "mostly"; she still had trouble with her left arm in lifting and it pained her in bad weather.
The injury to her right foot made it necessary to use crutches for over a month and then a cane for a few weeks. Since the accident she has trouble walking and has rarely been without pain in the right foot; when she is tired it is worse and she has to limp, and when she goes to bed at night she has pain across the instep and down the toes.
Mrs. Davis was and is a school teacher, but she lost only a few days from school after the accident. However, she asserted that she went back and forth in a taxi and took her crutches with her. As a teacher normally she is required *566 to stand on her feet a good part of the time; however, because of her foot she now sits down as much as possible.
Subsequent to the accident she consulted the physician who had been caring for the phlebitis of her legs. He found contusions of the right foot, a possible sprain of the right ankle, contusions of the left heel and left knee. She made ten visits to his office; he examined her foot each time and bandaged it tightly.
Two months before the trial an examination by this same doctor revealed one-half inch swelling of the ankle which he attributed to this injury and which he said was permanent, as was the pain it produced.
The medical and hospital bills were $110; her loss of wages for three days in June 1950 was at most $29.25, and her automobile damage was $330.
We are cognizant of the fact that an appellate tribunal should not substitute its judgment for that of the jury with respect to the size of a verdict. And we are conscious of the rule that even if the award seems higher than we would allow if we were sitting as a jury, the evaluation of the injuries by the jury should not be disturbed. The sphere of our control is limited to an interference only where the verdict is so excessive as to manifest mistake, passion or prejudice.
The record has been studied carefully for the purpose of determining if the verdict of $5,000 is merely higher than we think should be allowed or whether it is so unreasonable and so beyond any rational evaluation of the evidence as to meet the test of mistake, passion or prejudice. This study has led to the conviction that it is so out of proportion to the proof of injury as to impel us in good conscience to set it aside.
This conclusion does not reflect adversely on the verdict of the jury on the liability aspect of the case. The proof on this phase more than adequately supports the finding and in fact no argument is advanced that the finding is opposed to the preponderance of the evidence. It is argued that the excessiveness invalidates the whole of the verdicts. However, *567 the record requires the view that the issue of liability was clearly and supportably settled and that the illegality concerns only the matter of excessiveness of the verdicts for Mrs. Davis and respondent Ford Doughten.
Accordingly, the judgment for Helen Davis is reversed and a new trial ordered as to damages only. Since there is no support in the record for any verdict for Ford Doughten in excess of $209.40, his judgment will stand as reduced to this amount.