PHILLIPS *v.* STATE.

[No. 30,849. Filed January 24, 1967. Rehearing denied March 29, 1967.]

*William C. Erbecker,* of Indianapolis, and *C. Kent Carter,* of Bloomington, both for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal in a criminal action wherein the appellant was convicted of the crime of sodomy. The first alleged error presented for review is the overruling of the motion to quash the affidavit. It was in two counts, as finally amended.

## *"COUNT I*

"Ralph Shumaker being duly sworn upon his oath, upon information and as affiant verily believes, says that Francis Ernest Phillips, on or about the 13th day of July, 1964, at the County of Owen in the State of Indiana, did then and there unlawfully and feloniously commit the abominable and detestable crime against nature with one Byron Corder, a male child, fourteen years of age, a human being, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

## *"COUNT II*

"Ralph Shumaker being duly sworn upon his oath, upon information and as affiant verily believes, says that Francis Ernest Phillips, on or about the 13th day of July, 1964, at the County of Owen, in the State of Indiana, did then and there commit the crime of Sodomy in that the said Francis Ernest Phillips did then and there entice, allur and instigate one Byron Corder, a male child, fourteen years of age, to commit masturbation or self-pollution by then and there enticing, alluring and instigating the said Byron Corder to participate in the commission of the abominable and detestable crime against nature with the said Francis Ernest Phillips, contrary to the from [sic] of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

The memorandum for the motion to quash states that the charge is too indefinite and uncertain and does not point out with sufficient detail the particular act of sodomy with which the defendant was charged in either count. The memorandum

also states that the statute likewise is indefinite and uncertain and therefore unconstitutional. Without going into detail, we feel that these particular issues were definitely disposed of adversely to appellant's contentions in the similar case of *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471. In that case the charge of sodomy was practically in the same words as Count One in this case:

"EDWARD A. SALISBURY
being duly sworn upon his oath says that
"ALONZO EDWARD ESTES
on or about the 7th day of MAY A.D., . . . did then and there unlawfully and feloniously commit *the abominable and detestable crime against nature* with one MICHAEL STONESTREET, who was then and there a boy twelve (12) years of age."

This Court in that opinion discussed the argument made that the charge there was "vague, uncertain and indefinite" and held that it was, however, a sufficient charge. That opinion is conclusive on the question of the constitutionality of the statute, as well as the sufficiency of the charge in this case. We need not here repeat the authorities there cited and the reasoning there given.

When we consider Count Two, which is more specific as to the act involved, we must conclude, therefore, that it also meets the requirement of the law as to certainty.

It is next argued that the evidence is insufficient to sustain the verdict. The basis of this contention is that there is no evidence of fellatio other than that of the boy involved, who so testified and then thereafter, on cross-examination, retracted such statement.

The State, however, contends that the boy's answer "No" really meant "No, your question is not a correct statement of what happened." This contention may or may not be true. We realize that the inflection and the intonation with which the word "No" is expressed on a witness

stand may carry a variety of meanings. As a result, the meaning is left to the jury which found the appellant guilty. Be that as it may, however, oral copulation is not a necessary act to the commission of sodomy. The statute itself is in the following words:

> "Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or aids any person under the age of twenty-one [21] years to commit masturbation or self-pollution, shall be deemed guilty of sodomy, and, on conviction, shall be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000], to which may be added imprisonment in the state prison not less than two [2] years nor more than fourteen [14] years." Acts 1905, ch. 169, § 473, p. 584, being Burns' Ind. Stat. Anno. § 10-4221 (1956 Repl.)

It is to be noted that masturbation without oral copulation may constitute sodomy when a party entices, allures or instigates any person under the age of twenty-one into performing such an act. The evidence, without going into the unsavory details, shows without question that the appellant did entice, allure and instigate the boy, age 14, to commit the act of masturbation. In our opinion, the evidence fully sustains the verdict.

The appellant further complains that the appellant's conviction was illegal because the prosecuting attorney "made knowing use of perjured testimony in obtaining the verdict." In that connection it is contended that a witness, Kenneth Wesley Zufall, in a habeas corpus proceeding in connection with this criminal case, testified that he did not see the actual act of sodomy performed upon the boy, and that he changed the testimony in the trial by stating that he did see the actual act. No citation as to the transcript or page is made to support such a statement. The State vehemently contends that this witness did not contradict himself, and we find no evidence of such. Additionally, there is no

showing that the prosecuting attorney "knowingly" used any perjured testimony.

The prosecuting attorney filed counter-affidavits to the charge that he was guilty of misconduct by using alleged perjured testimony. It is argued that the court abused its discretion in granting the prosecuting attorney additional time to prepare and file such affidavits. There is no showing that the appellant was in any way prejudiced by the time granted pursuant to Indiana Supreme Court Rule 1-15, which says that the time "may be extended within the discretion of the court for good cause shown" in such cases. Error complained of must be injurious to the defendant or it will be regarded as harmless and judgment will not be reversed. *Copenhaver* v. *State* (1902), 160 Ind. 540, 67 N. E. 453.

The judgment of the trial court is affirmed.

Jackson, J., dissents with opinion, in which Myers, J., concurs.

### DISSENT

JACKSON, J.—I cannot agree with the conclusions reached in the majority opinion and therefore dissent thereto.

The majority opinion sufficiently sets forth the charge, the motion to quash addressed thereto, the ruling on the motion and the judgment rendered.

In my opinion the trial court committed reversible error in overruling appellant's Motion to Quash. The case of *Estes* v. *State* (1964) 244 Ind. 691, 195 N. E. 2d 471, on which the majority opinion rests is in error as pointed out by my dissent thereto.

The very language of the statute purporting to define the offense of sodomy, is so indefinite and uncertain that its unconstitutionality follows as certainly as night follows day. It is only when the court indulges in the inference or presump-

tion of guilt on the part of the defendant that the defendant by any stretch of the imagination could be said to be informed of the nature and extent of the charge placed against him in the language of the statute, Acts 1905, ch. 169, § 473, p. 584, being § 10-4221 Burns' 1956 Replacement. In criminal cases all doubts, inferences and presumptions are resolved in favor of the innocence of the defendant.

In Indiana we have no common law crimes, by express provision of the Constitution all crimes are statutory. Therefore unless the statute so specifically defines the crime that the defendant is fully apprised of the issue he is required to meet at the trial, it is constitutionally deficient and must fail when the sufficiency thereof is challenged by a motion to quash.

In overruling the motion to quash the court committed reversible error requiring the reversal of the judgment of the trial court. The cause should be reversed and remanded with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this dissent.

Other questions presented in this appeal are not discussed as it is deemed unnecessary to do so. It is to be hoped that the incoming legislature will either clarify or abolish this anarchism reminiscent of the heyday of the witch hunts of early colonial times. In todays space age and sophisticated society it seems that the statute should spell out in language understandable by the person of average scholastic attainment and intelligence the specific nature of the crime with which he is charged and if that cannot be done then it should not be denominated a crime.

Myers, J., concurs.

. NOTE.—Reported in 222 N. E. 2d 821.