BARNES *v.* STATE OF INDIANA.

[No. 570S109. Filed February 8, 1971. Rehearing denied March 24, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from the Marion Criminal Court, Division 2, where appellant was tried before Judge Saul I. Rabb without the intervention of a jury. The appellant was found guilty as charged of the crimes of first degree burglary and sodomy.

Evidence introduced at the trial indicates that on August 10, 1969, at about 2:30 a.m., Mrs. Janet Ballard was awakened when a man put his hand upon her neck and threatened her with a knife and said: "Don't move and don't scream." Mrs. Ballard was then advised that her assailant wanted to engage in an act of sexual intercourse with her and also that he wanted her to commit an act of sodomy upon him. Mrs. Ballard was told "Be quiet" on more than one instance and was also told: "Don't move the pillow until I heard the door click." Mrs. Ballard estimated that the whole occurrence lasted about one-half hour and stated that she heard the defendant talking the whole time.

Appellant argues on this appeal that the trial court erred in admitting certain testimony concerning a pair of shoes which was found in the defendant's apartment. The court refused to admit this pair of shoes into evidence but there was testimony concerning them which connected the defendant to the crime. The defendant, however, failed to object to the testimony and thus failed to preserve this issue for review. This Court has reiterated on many occasions that objections not made in the trial court cannot be urged on appeal. *Widmer* v. *Sweeney et al.* (1955), 234 Ind. 263,

124 N. E. 2d 385; *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N. E. 2d 750; *Meadows* v. *Thomas* (1918), 187 Ind. 216, 118 N. E. 811; *Seisler* v. *Smith et al.* (1897), 150 Ind. 88, 46 N. E. 993.

It is next contended that the judgment of the trial court is not sustained by sufficient evidence regarding the identification of the defendant. In this case, the defendant was identified by his voice. This Court has recognized the validity of voice identification in criminal prosecutions. *Allison* v. *State* (1960), 240 Ind. 556, 166 N. E. 2d 171; *Deal* v. *The State* (1895), 140 Ind. 354, 39 N. E. 930. See also 29 Am. Jur. 2d, *Evidence* § 368 where it is stated: "Since an early period, witnesses' testimony of identification of a person by having heard his voice has been regarded as legitimate and competent to establish identity in both criminal and civil cases."

The defendant was also identified at the time of his arrest by a very distinctive cologne that he was wearing. Additional evidence regarding the identity of the defendant involved a footprint outside the victim's window which was matched by a police officer with a tennis shoe discovered in the defendant's apartment. We accordingly find that there was sufficient identification of the defendant.

Judgment affirmed.

Givan and Hunter, JJ., concur; DeBruler, J., concurs in result; Prentice, J., concurs in part—dissents in part.

### Concurring in Part—Dissenting in Part

PRENTICE, J.—I concur with Judge Arterburn in the affirmance of the conviction of first degree burglary, but dissent as to the conviction of sodomy.

I take exception to any conviction or charge under the first portion of the Acts of 1905, ch. 169, § 473, p. 584, (1956 Repl.) Burns' § 10-4221, i.e., "Whoever commits the abominable and detestable crime against nature with mankind or beast * * * shall be deemed guilty of sodomy, * * *."

The Revised Statutes of 1852, ch. 61, § 2, p. 351, (1956 Repl.) Burns' § 9-2401, provides "Crimes and misdemeanors shall be defined and punishment therefor fixed by statutes of this state and not otherwise." I am not unmindful of the decision holding that when a public offense has been declared by statute in the general terms of the common law, without more particular definition, the courts will resort to the common law for the particular acts constituting the offense. This rule, however, should not be enlisted to emasculate the statute requiring crimes to be defined by statute. In this era of relative enlightenment and freedom of expression there can be no excuse for offenses regarding sex acts to be vague. "The abominable and detestable crime against nature" is so general as to be meaningless. It can be utilized to mean whatever its user wants it to mean. What is "abominable" or "detestable" to one may be perfectly acceptable to another, and no one should be subjected to criminal prosecutions except upon clear and definite charges. The undesirability of the expression of certain words or thoughts within the chambers of Victorian society, nevertheless, cannot obviate the requirement that crimes be defined with that degree of particularity that will permit persons or ordinary knowledge to know or ascertain what is lawful and what is unlawful, and should not make persons insecure by the possibility that others in position of authority may find their acts undesirable. If certain acts of a sexual nature are considered by our Legislature to be objectionable in our society, and if their prohibition would not violate the constitutional rights of others, then let such acts be enacted as crimes fully defined in clear, unequivocal language.

I would affirm the conviction of burglary and reverse the charge of sodomy.

NOTE.—Reported in 266 N. E. 2d 617.