PERRY STEPHEN MILLER *v.* STATE OF INDIANA.

[No. 270S18. Filed April 15, 1971. Rehearing denied June 2, 1971.]

*Thomas J. Faulconer, Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from the Superior Court of Hamilton County wherein the defendant was charged by an affidavit with the crimes of kidnapping, sodomy, rape, and automobile banditry. He was found guilty of all charges after a trial by jury.

The evidence most favorable to the appellee indicates that on May 16, 1969, the victim of the rape was on her way to work shortly after 9:00 a.m. Thinking a motorist might need some assistance, she stopped and asked the defendant if he had run out of gas. He proceeded to get into her car, and after she drove a short way, pulled a gun on her. He forced her at gun point to stop the car and he then drove to a wooded area and they both went into the woods where he disrobed

her. The victim testified: "His pants were unzipped, his penis was out and he tried to get me, tried to get it into my mouth, and he finally did and when he did I bit him." She further testified that he then forced her to engage in an act of sexual intercourse with him.

The defendant first contends that the trial court erred when, after the conclusion of the State's case in chief on September 11, 1969, the trial judge admonished the jury not to discuss the cause and then proceeded to state:

> "We will reconvene tomorrow morning, however, inasmuch as the court has some matters at 9:30, including the sentencing of Mr. Johnson, that it must take care of, it will be necessary that we not convene until ten o'clock. So we will see you at ten o'clock tomorrow morning. You are released until that time and date."

The objection the defendant makes is that the "Johnson" referred to by the trial judge was also tried for rape and sodomy in the Hamilton Superior Court and that some of the members of the jury trying the defendant were members of the jury who convicted Johnson about two weeks before. We do not believe this prejudiced the defendant and further discussion on this point is unnecessary.

Defendant next argues that since the affidavit charged him with sodomy *by oral copulation,* it was incumbent upon the State to prove an emission. The State not having proved emission, the defendant contends that the court should have sustained the defendant's motion for a directed verdict as to Count II of the affidavit charging him with sodomy. In 48 Am. Jur., *Sodomy,* § 3, we find:

> "Whether emission is necessary to constitute carnal knowledge in prosecutions for sodomy seems to have been unsettled in England prior to the enactment of the Statute of 9 Geo. IV, c. 31, but by it all doubts were removed. It declared that emission was not an essential element of this offense. In the United States, the courts have generally held that emission is not necessary to constitute the crime. . . ." (footnotes omitted)

Furthermore, the addition of the words "by oral copulation" do not imply emission, but merely define more precisely that form of sodomy with which the defendant was charged.

Appellant objected to a rebuttal witness for the State testifying that on April 27, 1969, the defendant forced her at gun point to engage in an act of oral copulation. In *Lamar* v. *State* (1964), 245 Ind. 104, 109, 195 N. E. 2d 98, 101, we stated:

> "As an exception to the general rule, it is always permissible for the state, in actions involving abnormal sexual intercourse, to introduce evidence as to other improper acts of sexual intimacy committed by the defendant. *Borolos* v. *State* (1924), 194 Ind. 469, 473, 143 N. E. 360. . . .
>
> "In effect, then, evidence regarding other similar sex offenses is admitted as tending to support the credibility of the prosecuting witness as his testimony is related to the particular offense charged. Ordinarily, such testimony is considered admissible as a part of the state's case in chief. Thus, it would seem reasonable to follow that, if such evidence was admissible before the credibility of the testimony of the prosecuting witness was placed in issue, such testimony would be all the more justified after the defendant had personally taken the stand and categorically denied having committed the offense regarding which the prosecuting witness testified."

In *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629, the sexual act was admitted. The only issue there was one of consent. Such is not the case here. In the trial for a crime involving sodomy, evidence of other similar sexual acts is admissible. *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Kerlin* v. *State* (1970), 255 Ind. 420, 265 N. E. 2d 22. The testimony of the rebuttal witness was properly admitted inasmuch as it falls within the exception to the general rule as to the admissibility of prior criminal acts in that it involves evidence of a "depraved sexual instinct".

Defendant next alleges that the trial court committed reversible error in admitting certain other testimony of the

same rebuttal witness. As above stated, the testimony of this fifteen year old witness involved a sexual act in which the defendant forced her to engage. The testimony has been held to be proper rebuttal testimony and we find no error in the admission of any portion of it. Furthermore, the four additional errors at law that the defendant alleges are not supported by authority substantiating his position and are therefore deemed waived. Indiana Rules of Procedure A.P. 8.3(A)(7).

Defendant next contends that the court erred in overruling his motions for continuances. Defendant, represented by counsel, was arraigned on June 20, 1969, and the cause was set for trial on September 8, 1969. On August 26, 1969, the defendant's attorney petitioned to withdraw his appearance, which was granted by the court. Attorney John Preston Ward entered his appearance for the defendant on September 2, 1969. On September 8, 1969, the morning of the trial, Ward orally moved for a continuance on the basis that he had received from the prosecutor a list of twenty-two prospective witnesses and that the affidavits contained the names of only five witnesses. The trial court stated that the defendant had had ample opportunity to petition the court for a list of the State's witnesses and overruled the motion for a continuance. For substantially the same reason, the defendant again moved for a continuance on September 10, 1969, which the court likewise overruled.

This Court has held that the granting of a motion for continuance not based on statutory grounds is within the sound discretion of the trial court and that petitions for a continuance are not to be favored and will only be granted in the furtherance of justice on a showing of proper grounds. *Carlin* v. *State* (1970), 254 Ind. 332, 259 N. E. 2d 870; *Calvert* v. *State* (1968), 251 Ind. 119, 239 N. E. 2d 697. We cannot say that the trial court abused its discretion in denying the defendant's motions for continuances when the defendant's original counsel and replacement counsel

waited until the morning of the trial before asking the prosecutor for a list of witnesses when either attorney could have petitioned the court for such a list prior to that time.

Defendant contends that Final Instruction No. 3 as given by the court was improper. The instruction stated that consent constitutes no defense to sodomy. However, "Consent is no defense to a prosecution for sodomy, and its only effect is to make the consenting person an accomplice." 81 C.J.S., *Sodomy,* § 2, p. 372. In his brief, defendant argues that the giving of the instruction was an error at law on the basis that the sodomy statute is unconstitutional.

This Court has recently upheld convictions for sodomy in *Twomey* v. *State* (1971), 256 Ind. 128, 267 N. E. 2d 176, and in *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617. The constitutionality of this sodomy statute was determined by this Court in *Phillips* v. *State* (1967), 248 Ind. 150, 222 N. E. 2d 821, and in *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471.

The defendant urges that the trial court committed four additional errors at law during the State's examination of certain witnesses. During cross-examination of witness Mildred Kennell, the State asked her if she had read anything about the defendant in 1966. Regardless of the propriety of the question, her negative answer to the question would render it harmless error. State's rebuttal witness Margaret Ellen Miller was asked if she had seen a box cutter since May 16, 1969. Again, a negative answer on the part of the witness obviated any possible error. She also gave a negative answer when asked if she had seen a knife or box cutter while talking to the defendant's wife since May 16, 1969. Harry L. Miller, a rebuttal witness called on behalf of the State was asked: "What did you do with the gun that you took from Perry's house?" Though the defendant's objection to the question was overruled, no error occurred since there was no answer to the question. We further

point out that the defendant cited no transcript reference and no authority substantiating these alleged errors at law and thus they are deemed waived under Indiana Rules of Procedure A.P. 8.3(A)(7).

The judgment of the trial court is affirmed.

Givan and Hunter, JJ., concur; Prentice, J., dissents with opinion, in which DeBruler, J., concurs, and in addition reaffirms his dissent in *Kerlin* v. *State* (1970), 253 Ind. 420, 265 N. E. 2d 22.

### DISSENTING OPINION

PRENTICE. J.—I dissent from the decision of the majority. The general rule in Indiana for the admission of evidence of separate, independent and distinct crimes in establishing the guilt of a defendant is that such evidence is inadmissible except when relevant to show: (1) Intent, (2) Motive, (3) Purpose, (4) Identification, (5) Common scheme or plan. *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570, and cases there cited.

It has been held that the above rule does not apply where the chief element of the offense is illicit intercourse between the sexes, and that such evidence of prior and subsequent acts is admissible subject to exclusion in the discretion of the trial court for remoteness. *State* v. *Robbins* (1943), 221 Ind. 125, 46 N. E. 2d 691.

However, this Court in 1968, by unanimous opinion written by Judge Lewis, relying principally upon *Lovely* v. *United States* (1948), Cir. Ct. of Appeals, 4th Cir., 169 F. 2d 386, determined that an individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for any other felony. *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629.

The majority opinion dismisses the *Meeks* case (*supra*) with the comment that the only issue therein was one of consent, the sexual act having been admitted. I fail to see where

this removes the case at bar from the rule. The evidence of the prior alleged offense in no way shows any of the five elements above enumerated and should have been excluded.

I would further dissent from the decision affirming the conviction upon the sodomy charge for the reasons set forth in my dissenting opinion in the case of *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617, and in the dissenting opinion of Judge DeBruler in *Dixon* v. *State* (1971), 256 Ind. 266, 268 N. E. 2d 84.

DeBruler, J., concurs, and in addition re-affirms his dissent in *Kerlin* v. *State* (1970), 253 Ind. 420, 265 N. E. 2d 22.

NOTE.—Reported in 268 N. E. 2d 299.