JAMES A. STACKER *v.* STATE OF INDIANA.

[No. 775S162. Filed June 18, 1976.]

*Bruce E. Sayers, Hodges, Davis, Gruenberg, Compton & Sayers,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant-defendant, James S. Stacker, appeals from his conviction of second degree murder. Following indictment by the Lake County Grand Jury, appellant was found lacking sufficient comprehension to understand the nature of the offense with which he was charged and unable to aid in the preparation of his defense. After an eleven-month confinement in Norman Beatty Memorial Hospital, February 15, 1973-January 23, 1974, the trial court adjudged appellant competent to stand trial.

A special plea of insanity was entered by appellant and the trial court appointed three physicians to examine him. Following a hearing the trial court determined that a question of fact existed as to appellant's sanity and set trial.

On October 21, 1974, appellant appeared before the court and, in the presence of counsel for the state, moved to withdraw his demand for trial by jury. The trial court sustained the motion at that time. Three days later on October 24, 1974, the state requested that the cause be tried by jury. This motion also was sustained by the trial court. The appellant was tried by jury and on February 20, 1975, found guilty of the second degree murder of Mae Mathews.

Four contentions of error are raised by the appellant:

1. Was it error for the trial court to grant the state's motion on October 24, 1974, for trial by jury?

2. Was there sufficient evidence to establish appellant's sanity beyond a reasonable doubt?

3. Was it prejudicial error to permit the state to inquire about appellant's sanity at the time of his examination by the court-appointed physicians?

4. Was there prosecutorial misconduct of such a nature to require declaration of a mistrial?

I.

The first alleged error concerns the trial court's sustaining of the state's motion for a jury trial. It is appellant's position that the state acquiesced in the original motion to withdraw the appellant's request for trial by jury. He argues that because the state was present when the motion to withdraw was made and remained silent, it cannot later insist upon a trial by jury.

The appellant failed to object at trial to the granting of the state's motion. He attempts to escape the consequences of his failure to properly preserve the alleged error by pointing out that the state's motion was made and sustained without appellant being present. The opportunity for objection was presented the first day of trial. The trial judge inquired whether the appellant desired a jury trial or trial to the court. The appellant then not only failed to object to the state's motion, he stated that he preferred a jury trial.

An error not raised by proper objection at trial will not be considered on appeal. *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498. The alleged error by the trial court was not properly raised and, therefore, is not reviewable by this Court.

## II.

Appellant next contends that the evidence was not sufficient to support the jury's finding of sanity. It is appellant's position that the state failed to present substantial evidence of probative value to establish his sanity beyond a reasonable doubt.

The question of one's sanity is an issue to be resolved by the trier of fact. *Sotelo* v. *State*, (1976) 264 Ind. 298, 342 N.E. 2d 844; *Blake* v. *State*, (1975) 262 Ind. 659, 323 N.E.2d 227; *Johnson* v. *State*, (1970) 255 Ind. 324, 264 N.E.2d 57. When reviewing the sufficiency of the evidence to support a determination by the trier of fact, we consider only that evidence which is most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. If we find substantial evidence of probative value to support the decision of the trier of fact, the decision will be affirmed. *Sotelo* v. *State, supra.*

The appellant's argument is merely an attempt to have this Court reweigh the evidence given by three expert witnesses. The questions concerning Dr. Carpenter's testimony relate to the weight and credibility to be given that evidence. In this instance the trier of fact chose to believe Dr. Carpenter and it is not the function of this Court to substitute its judgment for that of the trier of fact. Because there existed some evidence to support the sanity finding, it must be our determination that the evidence was sufficient to support the jury's verdict. *Sotelo* v. *State, supra.*

## III.

While testifying Dr. Carpenter was asked by the state whether the appellant was sane at the time of his examination by Dr. Carpenter. Appellant argues that this question was improper because it was irrelevant, immaterial and highly prejudicial to appellant's cause.

The trial court is given wide latitude in the admission of evidence when one has entered a plea of not guilty by reason

of insanity. *Stamper* v. *State,* (1973) 260 Ind. 211, 294 N.E.2d 609. In rejecting an argument similar to that put forth by appellant, this Court stated that: "[A] plea of insanity opens wide the door to all evidence relating to the defendant and his environment. In many instances evidence would not otherwise be competent or material except for showing the mental condition or mental state of the defendant." *Twomey* v. *State,* (1971) 256 Ind. 128, 132; 267 N.E.2d 176, quoting *Wilson* v. *State,* (1966) 247 Ind. 454, 461, 217 N.E.2d 147, 151.

In *Twomey,* an expert was asked the probability of the act of insanity recurring in the future. A question concerning the past mental condition of the appellant in this instance is not as likely to prejudice the jury as that asked in *Twomey.* The trial court therefore did not err in permitting Dr. Carpenter to testify concerning appellant's mental condition at the time of the examination.

## IV.

The fourth question concerns alleged prosecutorial misconduct during closing argument. The comments to which appellant objects and the exchange that followed are:

BY MR. TOOMEY: "They submitted their reports, and he was found to have sufficient comprehension. They submitted their, the three doctors, submitted their reports, among them Dr. Gutierrez, upon whether or not the defendant was insane at the time he killed Mae Mathews. We have two instances that are almost parellel [sic] with each other. Keep that in mind during your deliberation and in determining whether or not his defense of insanity should work, can work."

BY MR. CARMOUCHE: "I object to improper comments and conduct. I ask for a mistrial."

BY THE COURT: "First of all, I will deny your motion for mistrial, and I will deny your motion. Mr. Toomy for admonishing Mr. Carmouche. I'm going to ask you to recapitulate the comment just made; it's entirely improper."

Appellant argues these comments were made to appeal to the emotions and prejudices of the jurors. It is appellant's

position the comments inferred that he had killed once, had been released, had committed murder again and if again released, he would again commit murder.

The trial judge who initially rules on a motion for mistrial is in a more advantageous position than a reviewing court to determine the impact of such comments and, therefore, we give the trial court significant discretion in its ruling. *Lynch* v. *State*, (1974) 262 Ind. 360, 316 N.E.2d 372; *Maynard* v. *State*, (1971) 257 Ind. 336, 274 N.E.2d 396.

In this instance the trial court sustained appellant's objection and asked the prosecutor to rephrase his argument; however, the trial judge did not grant appellant's motion for mistrial. The usual method for correcting such misconduct is through admonishment to the jury to disregard the remarks. *McCulley* v. *State*, (1971) 257 Ind. 135, 272 N.E.2d 613. Appellant's counsel, however, did not seek such an admonishment and, therefore, the trial court's failure to do so is not reviewable by this Court.

From reviewing the record and the closing arguments as a whole, we do not find such a clear abuse of discretion to require reversal of the trial court.

Appellant also urges an additional basis for reversal. This allegation of error was not placed in the motion to correct errors and is deemed waived by this Court. Ind. R. Tr. P. 59 (G); *Stephens* v. *State*, (1973) 260 Ind. 326, 295 N.E.2d 622. In light of our disposition of the other issues raised by appellant, it can be seen that reversal is not warranted by this contention. Appellant argues that if this Court found the third and fourth allegations to be harmless error, then their cumulative effect would warrant reversal. Since we did not find error in either of the questions raised by appellant, there could be no cumulative prejudice.

For these and all of the foregoing reasons, the judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 348 N.E.2d 648.