**Eddie Leon HILL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1277S826.

Supreme Court of Indiana.

June 5, 1979.

168

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Eddie Leon Hill, was convicted by a jury of inflicting injury in the perpetration of a robbery or attempted robbery, Ind.Code § 35–13–4–6 (Burns 1975), and sentenced to life imprisonment. On his direct appeal, defendant raises the following issues:

1. Whether the trial court erred in finding defendant's confession was voluntary and in admitting such confession into evidence; and

2. Whether the trial court erred in denying defendant's motion for a mistrial after the prosecutor displayed to the jury a shotgun which was inadmissible.

## I.

Defendant was convicted for his involvement in a robbery attempt at a grocery at 1:00 p. m., January 5, 1975, in Hammond, Indiana. He was arrested shortly after a call for his arrest was broadcast over police radio at 1:15 p. m. At the time of the arrest, Patrolman James Shebis informed defendant he was under arrest for suspicion of robbery and inflicting an injury. Shebis read Hill his rights and took him to the police station. At 10:05 p. m., police began an interrogation of defendant, again reading him his rights. Defendant signed a waiver of his rights. The confession was completed at 11:30 p. m. While police officers informed defendant of his rights prior to taking the statement, they did not mention that someone had been injured during the robbery.

Defendant testified that a Detective Baron told him that he, defendant, had nothing to lose. Baron allegedly told defendant Hill that he would persuade the judge to be lenient and that Hill would probably get about a three-year sentence. On cross-examination defendant testified that Detective Baron had told him that others could identify him and that a shotgun shell had been found in his pocket.

The state recalled Baron to the witness stand and he denied that he had promised leniency in exchange for defendant's statement.

Defendant asserts that his confession was not voluntary for two reasons. First, he claims that the length of time between his arrest and questioning was inordinately long. Second, defendant asserts that he was unaware of the charge of inflicting injury.

■ This Court has consistently held that we will not disturb a trial court's ruling on the admissibility of a statement or confession when that ruling is based on conflicting evidence. *McFarland v. State*, (1978) Ind., 381 N.E.2d 1061.

"We will consider the evidence which supports the decision of the trier of fact in the case of contested evidence, and any uncontested evidence presented by the appellant." *Magley v. State*, (1975) 263 Ind. 618, 628, 335 N.E.2d 811, 818.

As in other sufficiency matters, the trial court's finding will be upheld if there is substantial probative evidence to support such finding. *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144.

■ In looking at such evidence, the standard for this Court in determining voluntariness is:

"whether under all the attendant circumstances, the confession was free and voluntary, freely self-determined, the product of a rational intellect and a free will, and without compulsion or inducement of any sort, or whether the accused's will was overborne at the time he confessed." *Johnson v. State*, (1968) 250 Ind. 283, 293, 235 N.E.2d 688, 694.

Defendant particularly urges two of the factors enumerated for consideration by the trial judge by statute. Ind.Code § 35-5-5-2 (Burns 1979) states in relevant part:

"The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to (1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, . . . The presence or absence of any of the above mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession."

■ It does not appear that the trial court abused its discretion in finding that the time delay between defendant's arrest and the interrogation by police was not so long as to render the statement involuntary. This Court has upheld findings of voluntariness when approximately thirty-six hours had elapsed between arrest and interrogation, *Magley v. State, supra,* and when the period was twelve hours, *Franklin*

*v. State*, (1977) 266 Ind. 540, 364 N.E.2d 1019. In the case at bar, at most, ten and one-half hours elapsed between the arrest and the completion of the statement.

Defendant places particular emphasis on the fact that this statement was taken beyond the six-hour "grace period" for confessions provided in Ind.Code § 35–5–5–3 (Burns 1979). This ground was not raised by defendant in his objection at trial. "Grounds for objection to the admissibility of evidence relied upon on appeal must be the same as those urged in the trial." *Swinehart v. State*, (1978) Ind., 376 N.E.2d 486, 491. However, in the interest of assuring defendant of a full airing of his rights, we will discuss this issue briefly.

■ This Court has held that a statement taken beyond this six-hour period is not per se inadmissible. *Franklin v. State, supra.* This statute simply provides that a delay of six hours or less shall not be conclusive on the issue of voluntariness. Any delay greater than six hours becomes a factor to be weighed in conjunction with all the circumstances relevant to the issue of voluntariness as provided in Ind.Code § 35–5–5–2 (Burns 1979).

■ Defendant claims his statement was involuntary because he was not informed that he was charged with inflicting injury, a crime which carries a life sentence, at the time he gave his confession. Whether the defendant knew of the offense with which he was suspected at the time of making his confession is a relevant factor in determining voluntariness. Ind.Code § 35–5–5–2(2) (Burns 1979).

The trial court had ample evidence on which to base its finding of voluntariness of the confession. First, Patrolman Shebis testified that he had informed defendant of the possible inflicting injury charge at the time of the arrest. Furthermore, uncontroverted testimony places defendant in the grocery at the time of the infliction of injury and in plain view of such injury. Therefore, defendant was aware that someone had been injured during the attempted robbery. At the time of questioning, De-

tective Baron told defendant that a shotgun shell had been found in his pocket. These facts satisfy this Court that the trial judge did not abuse his discretion in finding that the statement was voluntary and, therefore, admissible.

## II.

Defendant urges that the trial court erred in denying his motion for mistrial. Defendant made his motion after the prosecuting attorney displayed a shotgun, which the trial judge found to be inadmissible, in full view of the jury.

■ This Court has noted that the question of whether a mistrial should be granted:

> "is one that must, of necessity, be determined by the facts of each case as it arises, and this doubtlessly is the reason for the general rule, followed in this state and elsewhere, that the granting of a mistrial rests largely in the sound discretion of the trial judge." *White v. State*, (1971) 257 Ind. 64, 67, 272 N.E.2d 312, 313.

This Court will not disturb the trial court's determination absent an abuse of discretion. *Love v. State*, (1977) Ind., 369 N.E.2d 1073. In order to convince the reviewing court that the trial court abused its discretion the defendant must demonstrate "that he was placed in a position of grave peril as a result of the improper [evidence]." *Dewey v. State*, (1976) 264 Ind. 403, 409–10, 345 N.E.2d 842, 847.

■ In looking to the impact of improperly admitted evidence or, as in the case at bar, evidence not admitted but improperly displayed to the jury, this Court must determine whether the evidence had a substantial effect on the jury's verdict. The United States Supreme Court stated a standard of review which was adopted by this Court in *White v. State, supra.*

> "[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial

rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." *Kotteakos v. United States*, (1946) 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557, 1566–7.

In this case, the display of the shotgun was a small part of the state's case-in-chief. Several witnesses testified to the fact that defendant was carrying a shotgun. One such witness testified that he saw defendant discharge the weapon. Given the brutal details of the incident, it is doubtful that the jury was overwhelmed by the sight of the weapon itself in court. Furthermore, we note that defendant put forth virtually no evidence at trial, and none rebutting the state's evidence. This is not a case with strong evidence on both sides and, therefore, not one in which the conduct of the prosecutor would likely influence the trier of fact as we found in *White v. State, supra.* Nor is the state's case "one which a prosecutor would be anxious to bolster." *Fiswick v. United States*, (1946) 329 U.S. 211, 218, 67 S.Ct. 224, 228, 91 L.Ed. 196, 201.

This Court has held that "[i]mproperly admitted evidence that is corroborative only of competent and unrefuted evidence is not reversible error." *Minton v. State*, (1978) Ind., 378 N.E.2d 639, 642. Here we are not faced with improperly admitted evidence, but a display of an item, not admitted in evidence. Nevertheless, the same standard would apply.

Regarding motions for mistrial, we have stated:

"The trial judge who initially rules on a motion for mistrial is in a more advantageous position than a reviewing court to determine the impact of such comments and, therefore, we give the trial court significant discretion in its ruling." *Stacker v. State*, (1976) 264 Ind. 692, 697, 348 N.E.2d 648, 651.

We were faced with facts similar to those in the instant case in *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798. There the prosecutor displayed a handgun in front of the jury before identification of the gun by a witness. The defendant's objection was sustained and the jury was admonished. When the witness described the gun used, the state again produced the gun and defendant objected to its admission and moved for a mistrial. The trial judge denied the motion but warned the state not to wave the gun in front of the jury. In affirming the trial court's action, this Court held that the judge had not abused his discretion, saying:

"Furthermore, there was evidence that a gun was used by Ballard to threaten [the victims], which differentiates this case from the prejudicial effect created by references to matters *dehors* the record which might constitute 'evidentiary harpoons.' The record discloses nothing more than a legitimate and permissible attempt by the State to have the gun identified by the witness." *Ballard v. State*, (1974) 262 Ind. 482, 489, 318 N.E.2d 798, 803.

In this case, the trial court did not abuse its discretion in denying the motion for mistrial. The judge, who had the opportunity to observe the conduct in question, said, "I think [the prosecuting attorney] thought it was admissible and that is why he brought the shotgun before the jury."

The usual method for correcting such error is through admonishment to the jury to disregard the conduct. *Stacker v. State*, (1976) 264 Ind. 692, 348 N.E.2d 648. The admonishment in the record of this case is adequate.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.